# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **RANDALL JOSEPH GATHE** | : | **CIVIL ACTION NO. 14-cv-3184** |
| **# 14484-035** | | **SECTION P** |
| **VERSUS** | : | **JUDGE MINALDI** |
| **C. MAIORANA** | : | **MAGISTRATE JUDGE KAY** |

## REPORT AND RECOMMENDATION

Before the court is the application for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 by pro se petitioner Randall Joseph Gathe (hereinafter "Gathe").  Gathe is in the custody of the Federal Bureau of Prisons and is incarcerated at the Federal Correctional Institution in Oakdale, Louisiana.

This matter was referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court.  For the following reasons it is recommended that the petition be **DISMISSED WITH PREJUDICE**.

## I.
### BACKGROUND

On January 27, 2010, Gathe pled guilty to Conspiracy to Possess with Intent to Distribute Cocaine, Cocaine Base and other controlled substances, and to Possession of a Firearm in Furtherance of a Drug Trafficking crime.  Doc. 1, att. 2, p. 3.  On July 1, 2010, he was sentenced by this court (Lafayette Division) to a total of 211 months imprisonment.  *Id.*  Gathe did not appeal his conviction and sentence nor did he file a 28 U.S.C. § 2255, motion to vacate, set aside, or correct his sentence.  Doc. 1, pp. 2-4.  On February 8, 2013, this court reduced his sentence to 181

months imprisonment pursuant to his 18 U.S.C. § 3582(c)(2) motion and the retroactive application of United States Sentencing Guideline Amendment 750.  Doc. 1, att. 2, p. 4.

Gathe signed and mailed the instant petition on November 3, 2014, and it was received and filed in this court on November 5, 2014.  Doc. 1, p. 9.  He alleges that his trial counsel was ineffective for failing to file an appeal, properly advise him of the consequences of pleading guilty as opposed to going to trial, negotiate a favorable plea agreement, explain the presentence report prior to sentencing, and file objections to the presentence report.  Doc. 1, att. 2, p. 2.   As relief, Gathe asks this court to vacate his sentence.  Doc. 1, att. 2, p. 26.  In the alternative he requests that the court grant him leave to file an out-of-time direct appeal.  *Id.*  Should the court deny such relief, Gathe requests an evidentiary hearing.  *Id.*

## II.
### LAW AND ANALYSIS

### A.  *Savings Clause Analysis*

Habeas corpus petitions filed pursuant to 28 U.S.C. § 2241 are generally used to challenge the manner in which a sentence is executed.  *See Warren v. Miles*, 230 F.3d 688, 694 (5th Cir. 2000).  On the other hand, a motion to vacate sentence filed pursuant to 28 U.S.C. § 2255 allows federal inmates to collaterally attack the legality of their convictions or sentences.  *See Cox v. Warden, Fed. Det. Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990).  Here, Gathe collaterally attacks his incarceration arguing errors with regard to his federal conviction and challenges the sentence imposed, not the execution of his sentence.  Therefore, his claim should be advanced in a § 2255 Motion to Vacate.

Federal prisoners may use § 2241 to challenge the legality of their convictions or sentences but only if they satisfy the § 2255 "savings clause."  *Reyes-Requena v. United States*, 243 F.3d 893, 901 (5th Cir. 2001).  The "savings clause" provides that a federal convict may file a writ of

habeas corpus pursuant to § 2241 if the § 2255 motion's remedy is "inadequate or ineffective to test the legality of his detention." *See* 28 U.S.C. § 2255.  The fact that a prior § 2255 motion was unsuccessful, or that the petitioner is unable to meet the statute's second or successive requirement, does not make § 2255 inadequate or ineffective.  *Id.*

A prisoner seeking such relief under the "savings clause" must establish that: (1) his claim is based on a retroactively applicable Supreme Court decision which establishes that he may have been convicted of a nonexistent offense, and that (2) his claim was foreclosed by circuit law at the time when the claim should have been raised in his trial, appeal, or first § 2255 motion.  *Reyes-Requena*, 243 F.3d at 904.

Gathe does not satisfy this criteria.  He has pointed to no retroactively applicable Supreme Court decision which establishes that he was convicted of a nonexistent offense.  He is mistaken in his contention that *Lafler v. Cooper*, 132 S. Ct. 1376 (2012), and *Missouri v. Frye*, 132 S. Ct. 1399 (2012), provide new rules of constitutional law that afford him relief.  *See* Doc. 1, att. 2, pp. 9-14.  The Fifth Circuit has determined that neither of these cases announce a new rule of law.  *See In re King*, 697 F.3d 1189 (5th Cir. 2012) ("*Cooper* and *Frye* did not announce new rules of constitutional law because they merely applied the Sixth Amendment right to counsel to a specific factual context.").

Further, the Supreme Court has unequivocally stated "a new rule is not made retroactive to cases on collateral review unless the Supreme Court holds it to be retroactive."  *Tyler v. Cain*, 533 U.S. 656, 663 (2001).  Gathe does not point to any cases that state that the holdings in *Cooper* and *Frye* may be applied retroactively.

Finally, assuming arguendo that *Lafler* and *Frye* announced a new retroactively applied constitutional right, Gathe's application would be time-barred.  Both *Lafler* and *Frye* were decided

on March 21, 2012.  If Gathe was allowed to proceed in accordance with 28 U.S.C. § 2255(f)(3)[1], his one-year period of limitations would commence on that date.  Gathe did not file a § 2255 motion to vacate, set aside, or correct sentence.  If this court construed his current § 2241 petition as a § 2255 motion, it would nevertheless be time-barred as it was not filed until November 3, 2014, beyond the limitations period with regard to *Lafler* and *Frye*.

Consequently, Gathe is unable to carry his burden of proving that his § 2241 petition falls under the savings clause of § 2255.

### B.  *Request for an Out-of-Time Appeal*

Gathe contends that his counsel was ineffective for failing to file a direct appeal.  According to *United States v. Tapp*, 491 F.3d 263, 266 (5th Cir. 2007), when counsel has failed to file a notice of appeal, a litigant is entitled to seek § 2255 relief regardless of whether or not he waived his appeal rights.  However, as previously stated, Gathe did not seek § 2255 relief.  If he had, it follows that in order to be eligible for such relief, the motion would have to be timely under § 2255(f).  Gathe's instant § 2241 petition, even if construed as a § 2255 motion, does not fall within the applicable limitations period.

For purposes of this analysis, his limitation period is one year from the date on which the judgment of conviction became final.  28 U.S.C. § 2255(f)(1).  When a federal prisoner fails to file a notice of appeal from his conviction, the conviction becomes final for purposes of § 2255 upon the expiration of the 14-day period for filing a direct appeal.  Fed. R. App. P. 4(b)(1)(A)(i).  Giving Gathe the benefit of every doubt, the latest possible date that he could have filed a timely § 2255

---

[1] Under 28 U.S.C. § 2255(f)(3), the one-year limitation period shall commence on "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."

motion, was February 22, 2014, one year and fourteen days following his sentence reduction.[2]  The present complaint was not filed until November 2014, over eight months following the expiration of the limitations period.

### III.
#### CONCLUSION

As Gathe has not met the savings clause requirements, his claims are not properly brought under § 2241.  Likewise, his attempt to seek an out-of-time appeal fails as time-barred.

Accordingly,

**IT IS RECOMMENDED** that the petition for habeas corpus filed pursuant to 28 U.S.C. § 2241 be **DISMISSED WITH PREJUDICE**.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the

---

[2] *But s*ee **Error! Main Document Only.***U.S. v. Olvera*, 775 F.3d 726, 729 (5th Cir. 2015), which held that a sentence modification does not restart the one-year limitations period.  In that regard, the court stated, "Although we have not addressed that issue, every circuit to examine it has decided that the limitations period does not renew.  We agree: The plain language of 18 U.S.C. § 3582(b) establishes that a modification of a sentence does not affect the finality of a criminal judgment." (internal quotations and citations omitted).

District Court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

      THUS DONE AND SIGNED in Chambers this 3rd day of September, 2015.


                                 _____

                                     KATHLEEN KAY

                        UNITED STATES MAGISTRATE JUDGE